

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2005

# USA v. Hanson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3216

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Hanson" (2005). *2005 Decisions*. Paper 1058.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1058

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  04-3216

UNITED STATES OF AMERICA

v.

MICHAEL HANSON,

Appellant

No: 04-3261

UNITED STATES OF AMERICA

v.

RANDY PETRO,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Nos. 03-cr-00293-1 & 03-cr-00293-2
District Judge: Honorable David S. Cercone

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2005

Before: McKee, Smith & Van Antwerpen, Circuit Judges
(Filed: June 7, 2005)

OPINION

McKee, Circuit Judge.

Defendants Randy Petro and Michael Hanson appeal the judgment of sentence entered following their conditional guilty plea to charges of conspiring to violate 18 U.S.C. §513 (a). For the reasons that follow, we will affirm.

Inasmuch as we write primarily for the parties who are familiar with the factual and procedural background of this case, we need not reiterate that background except insofar as may be helpful to our brief discussion.

In this consolidated appeal, the defendants claim the government failed to prove that the checks they conspired to utter were instruments of "an organization," as required under 18 U.S.C. § 513 (a). They contend that the counterfeit checks were instruments of the "check owner or the holder of the account," rather than S&T Bank. Appellants' Br. At 16.

Thus, the only issue before us is whether the "of an organization" requirement in § 513 (a) may be fulfilled by use of counterfeited securities drawn on personal accounts of a legitimate bank.

The government argues that our review is the deferential review afforded to challenges to the sufficiency of the evidence. Appellee's Br. At 3. However, the defendants are not arguing that the evidence was insufficient to support their conviction. Rather, they are arguing issues of statutory construction. Our standard of review is therefore *de novo.*

Section 513 broadly defines "security" to include "a note, stock certificate, treasury stock certificate, bond, treasury bond, debenture, certificate of deposit, interest coupon, bill, [or] check . . .". 18 U.S.C. § 513 (c)(3)(A). We believe the district court correctly concluded that the checks at issue here belonged to both the fictitious individual account holders and S&T Bank. *United States v. Jackson*, 155 F.3d 942, 946 (8th Cir. 1998). S&T Bank is an "organization" that is clearly involved in interstate commerce, and the checks in question had that bank's routing number along with nonexistent account numbers. The government correctly notes that S&T's name added an air of legitimacy to the scheme as store employees were more likely to accept checks that carried that name and routing number. Appellee Br. at 14-15.

The defendant's argument to the contrary fails to acknowledge that a check may belong to both the individual account holder and the banking entity ("organization") purportedly issuing the check for the purposes of section 513. *Jackson*, at 946. Moreover, use of fictitious account numbers does not negate the legal reality that the instruments here, bearing the name and routing number of S&T Bank, were instruments of that bank. *See United States v. Chappell*, 6 F.3d 1095 (5th Cir. 1993).

For the foregoing reasons, we will affirm the district court's denial of the defendant's motion to dismiss.